IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA KENT NABORS                                                                          PLAINTIFF

v.                                            Civil No. 07-2062

JOHN ANTHONY DUTTON,
Sebastian County Sheriff's Department                                                       DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff, Joshua Kent Nabors, currently a detainee of the Southwest Arkansas Community Correction Center, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2007. The complaint was filed subject to a later determination of whether it should be served upon the defendant.

### Background

According to the allegations of the complaint, on April 21, 2007, Nabors was arrested and brought into the Sebastian County Detention Center on an Arkansas Department of Correction "reporting bond." The receiving officer was John Dutton.

When it was time for Nabors to go to the Southwest Arkansas Community Correction Center to serve his sentence, it was discovered that Dutton did not have Nabors' property number and his property had been lost. As relief, Nabors requests reimbursement for his clothing and shoes or he wants these items back.

### Discussion

Nabors' claims are subject to dismissal. When an individual is negligently or intentionally deprived of his personal property, the Supreme Court has held that due process is satisfied if the individual has adequate state post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517,

-1-

533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy).  In this case, a post-deprivation remedy is available because Arkansas recognizes a cause of action for conversion, *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

Moreover, negligence does not state a claim under section 1983.  Here Nabors merely alleges that Dutton lost his property.  He makes no allegation that Dutton intentionally deprived him of his property or that the system of inventorying and storing personal property for detainees while they were in custody was so deficient that it somehow operated to deprive him of his property rights.

## Conclusion

Accordingly, I recommend that Nabors' claims be dismissed as they fail to state claims upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Nabors has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Nabors is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of July 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE